1  DANIEL L. WARSHAW (Bar No. 185365)
   dwarshaw@pswlaw.com
2  MICHAEL H. PEARSON (Bar No. 277857)
   mpearson@pswlaw.com
3  **PEARSON, SIMON & WARSHAW, LLP**
   15165 Ventura Boulevard, Suite 400
4  Sherman Oaks, California 91403
   Telephone: (818) 788-8300
5  Facsimile:  (818) 788-8104

6  BENJAMIN E. SHIFTAN (Bar No. 277857)
   bshiftan@pswlaw.com
7  **PEARSON, SIMON & WARSHAW, LLP**
   44 Montgomery Street, Suite 2450
8  San Francisco, California 94104
   Telephone: (415) 433-9000
9  Facsimile:  (415) 433-9008

10  *Attorneys for Plaintiff MICHAEL O'NEILL*

11               **UNITED STATES DISTRICT COURT**

12    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13  MICHAEL O'NEILL, individually and on          CASE NO. 3:19-cv-4208
    behalf of all others similarly situated,
14                                                **CLASS ACTION**
15              Plaintiff,
                                                  **COMPLAINT**
16      vs.
                                                  1. **STRICT LIABILITY: FAILURE TO
17  WHIRLPOOL CORPORATION, a Delaware                WARN**
    corporation,                                  2. **STRICT LIABILITY:
18                                                   MANUFACTURING DEFECT**
                Defendant.                        3. **STRICT LIABILITY: DESIGN
19                                                   DEFECT**
                                                  4. **NEGLIGENCE**
20                                                5. **NEGLIGENCE: FAILURE TO
                                                     RECALL/RETROFIT**
21                                                6. **BREACH OF EXPRESS
                                                     WARRANTY**
22                                                7. **BREACH OF IMPLIED
                                                     WARRANTY OF FITNESS**
23                                                8. **BREACH OF IMPLIED
                                                     WARRANTY OF
24                                                   MERCHANTABILITY**
                                                  9. **VIOLATIONS OF CAL. CIV. CODE
25                                                   § 1790**
                                                  10. **VIOLATIONS OF CAL. BUS. &
26                                                    PROF. CODE § 17200**
                                                  11. **VIOLATIONS OF CAL. CIV. CODE
27                                                    § 1750**

                                                  **DEMAND FOR JURY TRIAL**
28

913573.3
                          CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    Plaintiff Michael O'Neill, individually and on behalf of all others similarly situated, brings

2    this action and alleges as follows on information and belief:

3    **I.  THE PARTIES**

4    1.    Plaintiff Michael O'Neill is a resident of the city of Rohnert Park in

5    Sonoma County, California.

6    2.    Plaintiff and the Class are collectively referred to herein as "The Class" or "Class

7    Members."

8    3.    Defendant Whirlpool Corporation ("Whirlpool") is a Delaware corporation

9    regularly doing business in Sonoma County, California.

10    4.    Defendant designed, manufactured and sold combination refrigerator-freezers

11    equipped with defective drain valves featuring a rubber grommet component with a "duckbill"

12    shape ("Drain Valves"). Defendant designed, created product materials for, designed instructions

13    for, caused the manufacture of, distributed and sold refrigerator-freezers equipped with defective

14    Drain Valves ("Class Refrigerators"), and Class Members purchased these Class Refrigerators.

15    **II.  JURISDICTION AND VENUE**

16    5.    This Court has jurisdiction over the subject matter of this action because it is a class

17    action arising under the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005)

18    ("CAFA"). CAFA explicitly provides for the original jurisdiction of the federal courts over any

19    class action in which any member of the plaintiff class is a citizen of a State different from any

20    defendant, and in which the amount in controversy exceeds in the aggregate the sum of

21    $5,000,000, exclusive of interest and costs.

22    6.    As set forth above, Plaintiff is a citizen of California. Defendant is a citizen of

23    Delaware. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. §

24    1332(d)(2)(A).

25    7.    Plaintiff alleges that the total damages of the individual members of the Class in

26    this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required

27    by 28 U.S.C. §§ 1332(d)(2), (5).

28    / / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

## III.  **CLASS ACTION ALLEGATIONS**

9.      Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of himself and the following Class:

> All individuals and entities in the State of California who purchased and/or owned Whirlpool-manufactured refrigerator-freezer appliances equipped with drain valve parts with "duckbill" rubber grommet components, including but not limited to model number WRF560SMYH.

10.      **Exclusions from the Class.** Plaintiff specifically excludes from the Class Defendant, Defendant's subsidiaries or affiliates, entities in which any Defendant has a controlling interest, and any and all of Defendant's employees, affiliates, legal representatives, successors or assignees. Plaintiff also excludes from the Class any judicial officers assigned to this case and their immediate family members. Also excluded are persons considered class members in the matter of *Corzine v. Whirlpool Corp.*, No. 5:15-cv-05764-BLF (N.D.Cal.), for their refrigerators subject to the settlement in that action.

11.      Plaintiff reserves his right to redefine the Class prior to certification.

12.      This action is properly maintainable as a class action.

13.      The Class for whose benefit this action is brought are so numerous that joinder of all Class members is impracticable. While Plaintiff does not presently know the exact number of Class members, Plaintiff is informed and believes that there are thousands of Class members, and that those Class members can only be determined and identified through Defendant's records and, if necessary, other appropriate discovery.

14.      There are questions of law and fact which are common to Class members and which predominate over any questions affecting only individual members of the Class. A class action will generate common answers to the below questions, which are apt to drive the resolution of the litigation:

- Whether the Drain Valves are defective;

- Whether the Drain Valves have an impeded useful life;

- Whether the Drain Valves serve their intended purposes, including their intended purpose of adequately draining water from refrigerator-freezer interiors during defrost cycles;

- Whether the Drain Valves impede the useful lives of the Class Refrigerators;

- Whether the Drain Valves cause damage to other components in Plaintiff's and the Class' homes;

- Whether Defendant had a duty to disclose the defective nature of the Drain Valves;

- Whether Defendant is responsible for the costs and expenses of repairing and replacing the defective Drain Valves, including applicable labor costs;

- Plaintiff's and the Class' damages;

- Whether Defendant breached the implied warranty of merchantability;

- Whether Defendant breached its express warranties; and

- Whether Defendant engaged in unfair, unlawful, and fraudulent acts.

15. The prosecution of separate actions by individual Class members could create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the members of the Class not parties to the adjudications.

16. Furthermore, as the damages suffered by some of the individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the individual members of the Class to redress the wrongs done to them individually. If a Class or general public action is not permitted, Class members will continue to suffer losses and Defendant's misconduct will continue without proper remedy.

17. Plaintiff anticipates no unusual difficulties in the management of this litigation as a class action. Class members may be identified from Defendant's databases and such Class members may be notified of the pendency of this action by U.S. mail or by electronic means (*i.e.*, e-mail), using techniques and a form of notice customarily used in class actions.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

18.    For the above reasons, a class action is superior to other available methods for the fair and efficient adjudication of this action.

## IV.  FACTUAL BACKGROUND

A.    **Defendant's Defective Drain Valves, Knowledge of the Defects and Fraudulent Concealment of the Defects**

19.    In 2015, Whirlpool sold combination refrigerator-freezers featuring a freezer Drain Valve buried deep within its components, out of sight of and inaccessible to consumers without disassembling the refrigerator. Defendant intended for the Drain Valves to channel defrosted water from the freezer into a drain pan located at the base of Class Refrigerators.

20.    However, the Drain Valves fail to adequately drain the Class Refrigerators. As a result of their design and manufacture, components of the Drain Valves—rubber grommets that taper to a flat slit-opening resembling a duck's bill ("duckbill grommet")—become clogged, damming the flow of defrosted water from the freezer. As a result, the trapped water then freezes, forming a solid plug of ice. Over time, large amounts of ice and water accumulate in the freezer, and water eventually leaks out of the freezer to areas below and surrounding the refrigerator-freezer. Thus, the Drain Valves fail to perform their intended purpose.

21.    The result of the Drain Valve defect is that Plaintiff and Class Members are exposed to unexpected water leaks that span areas far larger and with a higher volume of water than what people normally encounter in kitchens such that the Drain Valves pose substantial risks of physical injury to Class Members. Such risks include slipping and falling and injuries to Class Members when they attempt to make repairs themselves. In addition, the leaks damage flooring, subflooring, grout, walls, cabinets, and other components of Class Members' kitchens and homes. Defendant became aware of these and other risks when they realized that the Drain Valves were defective.

22.    Based on information and belief, Defendant had knowledge that their Drain Valves were defective long before Plaintiff and other Class Members purchased their Class Refrigerators. Despite their knowledge of the Drain Valve defects prior to 2015, Defendant intentionally and continually installed defective Drain Valves deep into the componentry of the Class Refrigerators

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  for years while intentionally and continually concealing from Class Members the Drain Valves'

2  existence, defects and safety risks.

3        23.    Based on information and belief, Defendant has had a substantial number of

4  customer complaints, warranty inquiries and/or company experience with defects in the Drain

5  Valves. The early customer complaints, warranty inquiries and/or company experiences with the

6  Drain Valve defects were sufficiently numerous to put Defendant on notice of the defects.

7        24.    Based on information and belief, Defendant has been aware of water leaking and

8  ice formation in bottom freezer panels as a result of other, similar drain assembly parts with the

9  "duckbill" design in their refrigerators since at least early 2010. Defendant should have been

10  aware of general complaints about water leaking and ice formation in bottom freezer panels in the

11  industry since at least 2005, and, specifically with respect to its own Drain Valves, Defendant was

12  sufficiently aware of the defects for a period of time long enough for Defendant to study, redesign,

13  manufacture and install non-defective Drain Valves.

14        25.    The existence of the Drain Valve defect is a material fact that reasonable

15  consumers, including Plaintiff and Class Members, would have considered when deciding whether

16  to purchase a refrigerator-freezer equipped with a Drain Valve. Had Plaintiff and other Class

17  Members known that the Class Refrigerators were equipped with defective Drain Valves, they

18  would not have purchased said refrigerator-freezers or would have paid less for them.

19        26.    Consumers, including Plaintiff and Class Members, reasonably expect that a

20  refrigerator-freezer's component parts, such as the Drain Valves, are free of defects and will

21  function in a manner that will not cause damage to persons, to other component parts of the

22  refrigerator-freezer, or to other property. Plaintiff and Class Members further reasonably expect

23  that Defendant will not manufacture, market, distribute, and/or sell refrigerator-freezers with

24  known defects, such as the defective Drain Valves, and will disclose any such defects when

25  known.

26        27.    Notwithstanding Defendant's knowledge of these defects since 2010, and

27  notwithstanding Defendant's understanding that consumers would not buy refrigerators that

28  leaked water on to their floors exposing their invitees and them to safety hazards, Defendant

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

concealed the defects by continuing to install defective Drain Valves inside the Class Refrigerators—including Plaintiff's Class Refrigerator—without providing any warning about the risks they posed and without recalling the products. Instead of warning consumers about the defects and recalling the products, Defendant continued to subject Class Members to failures and the risks associated with the Drain Valve failures.

28.    Despite issuing a Technical Service Pointer ("TSP") to its service departments in November 2013 about duckbill drain tubes in other Whirlpool-manufactured refrigerators, Defendant continued to intentionally conceal the Drain Valves' defects and risks from Class Members by intentionally not issuing any TSP (or any other information concerning the defect or its safety risks) to the Class Members, and Defendant's concealment continues to this date.

29.    The TSP put Defendant's brand service departments on notice of the defects and remedies offered for certain refrigerators with duckbill parts, but Defendant intentionally chose to forego issuing a TSP (or any other information concerning the defect or its safety risks) to the Class Members in order to continue to conceal the known defects from Class Members.

30.    As a result of Defendant's conduct and concealment, all purchasers of Class Refrigerators were and continue to be exposed to risks of the personal injuries for slipping and falling, as well as financial injuries, including but not limited to financial injuries in repairing and replacing components of the Class Refrigerators, as well as in repairing and replacing other property damaged by leaks.

B.    **Plaintiff's Defective Class Refrigerator**

31.    In July 2015, long after Defendant was aware of the Drain Valve defects, Plaintiff purchased a Class Refrigerator (model number WRF560SMYH) equipped with a defective Drain Valve. Plaintiff purchased the refrigerator in California and had the appliance installed in his home in Rohnert Park, California.

32.    In 2018, Plaintiff's Class Refrigerator leaked water for the first time. Plaintiff had his refrigerator repaired with a replacement valve that had the same duckbill design. About five months later, it leaked again.

/ / /

913573.3

33.    Plaintiff was not previously aware of any of the Drain Valve defects in his Class Refrigerator and was not aware that any defects were causing the leaks.

34.    In 2018 and prior to having his Class Refrigerator repaired, Plaintiff contacted Teevax, which is where the Class Refrigerator was purchased, about the problem of ice accumulating at the bottom of the refrigerator and leaking to the floor, and he was told that the refrigerator was no longer covered by the warranty.

35.    Had Plaintiff known that his Class Refrigerator had a defective Drain Valve that posed safety risks and future financial burdens, Plaintiff would not have purchased the Class Refrigerator, or would have paid less for it. Also, had Defendant made Plaintiff aware after his purchase that his Class Refrigerator had a defective Drain Valve that posed safety risks and future financial burdens, Plaintiff would have made a claim for Defendant to pay the costs to replace the Drain Valve and repair his Class Refrigerator before he experienced leaks.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### STRICT LIABILITY: FAILURE TO WARN

(Against Defendant by Plaintiff and the Class)

36.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

37.    Defendant manufactured, distributed, and/or sold the Drain Valves as component parts of the Class Refrigerators.

38.    The Drain Valves were defective due to inadequate warnings or instruction for use, both prior to marketing and post-marketing.

39.    The Drain Valves had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution, and/or sale.

40.    The risks in the Drain Valves presented a substantial danger when the Drain Valves were used or misused in an intended or reasonably foreseeable way.

41.    Ordinary consumers would not have recognized the potential risks.

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

42.     Defendant knew or should have known that the Drain Valves created significant risks to consumers.

43.     Defendant failed to adequately warn consumers of such risks.

44.     Because of Defendant's failure to provide adequate warnings with their products, the Class Refrigerators were purchased, equipped with the Drain Valves, for use in Plaintiff's and Class Members' homes after Defendant manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

45.     Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

46.     Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

47.     Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY: MANUFACTURING DEFECT

(Against Defendant by Plaintiff and the Class)

48.     Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

49.     Defendant manufactured, distributed, and/or sold the Drain Valves as component parts of the Class Refrigerators.

50.     The Drain Valves contained a manufacturing defect when they left Defendant's possession.

51.     The Drain Valves had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution, and/or sale.

52.     The risks in the Drain Valves presented a substantial danger when the Drain Valves were used or misused in an intended or reasonably foreseeable way.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

53.    Ordinary consumers would not have recognized the potential risks.

54.    Defendant knew or should have known that the Drain Valves created significant risks to consumers.

55.    The Class Refrigerators equipped with the Drain Valves were purchased for use in Plaintiff's and the Class' homes after Defendant manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

56.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

57.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

58.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

## THIRD CAUSE OF ACTION

## STRICT LIABILITY: DESIGN DEFECT

(Against Defendant by Plaintiff and the Class)

59.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

60.    Defendant manufactured, distributed, and/or sold the Class Refrigerators equipped with the Drain Valves.

61.    The Drain Valves contained a design defect when they left Defendant's possession.

62.    The Drain Valves had risks that were known or knowable in light of the scientific knowledge that was generally accepted at the time of manufacture, distribution, and/or sale.

63.    The risks in the Drain Valves presented a substantial danger when the Class Refrigerators were used or misused in an intended or reasonably foreseeable way.

64.    Ordinary consumers would not have recognized the potential risks.

/ / /

65.    Defendant knew or should have known that the Drain Valves created significant risks to consumers.

66.    Drain Valves were purchased as component parts for use in the Class Refrigerators after Defendant manufactured, designed, sold, supplied, marketed or otherwise introduced them into the stream of commerce.

67.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

68.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

69.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

(Against Defendant by Plaintiff and the Class)

70.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

71.    Defendant had a duty to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, sale and/or distribution of the Class Refrigerators equipped with the Drain Valves.

72.    Defendant was negligent and failed to exercise reasonable care in the design, formulation, manufacture, sale, testing, marketing, or distribution of the Class Refrigerators equipped with Drain Valves in that they knew or should have known that their products could cause significant harm.

73.    Despite the fact that Defendant knew or should have known that its products posed a serious risk of harm to consumers, Defendant unreasonably continued to manufacture and

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  market their products, and failed to exercise reasonable care with respect to post-sale warnings and

2  instructions for safe use.

3       74.    At all relevant times, it was foreseeable to Defendant that homeowners like

4  Plaintiff and the Class would suffer damages as a result of Defendant's failure to exercise ordinary

5  care as described above.

6       75.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff

7  and the Class will continue to suffer such harm, damages and economic loss in the future.

8       76.    Defendant's misconduct was a substantial factor in causing and proximately caused

9  Plaintiff's and the Class' harm, damages and economic losses.

10      77.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the

11  rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and

12  oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to

13  constitute oppression, fraud, or malice under the law.

14                            **FIFTH CAUSE OF ACTION**

15                  **NEGLIGENCE: FAILURE TO RECALL/RETROFIT**

16                      (Against Defendant by Plaintiff and the Class)

17      78.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous

18  paragraphs of this complaint as though fully set forth herein.

19      79.    Defendant manufactured, distributed and/or sold the Class Refrigerators and

20  defective Drain Valves.

21      80.    Defendant knew or reasonably should have known that the Class Refrigerators and

22  defective Drain Valves were dangerous or were likely to be dangerous when used in a reasonably

23  foreseeable manner.

24      81.    Defendant was aware of these defects after the Class Refrigerators and defective

25  Drain Valves were sold.

26      82.    Defendant failed to recall and/or retrofit and/or warn of the danger of the Class

27  Refrigerators and defective Drain Valves.

28  ///

913573.3

83.    A reasonable manufacturer, distributor and/or seller under the same or similar circumstances would have recalled and/or retrofitted the Class Refrigerators and defective Drain Valves.

84.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

85.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

86.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

**SIXTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

(Against Defendant by Plaintiff and the Class)

87.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

88.    Defendant made express warranties regarding the Class Refrigerators in the "Whirlpool Corporation Major Appliance Warranty" attached hereto as **Exhibit 1** and incorporated in full herein by reference.

89.    Defendant also made express warranties concerning the Drain Valves, including but not limited to warranties in their sales materials and website that Defendant's products are warranted to be free of defects in material, manufacturing and design and that the Drain Valves are designed to enable drainage of water evaporated from freezer evaporator coils during automatic defrost cycles.

90.    Defendant intended that its express warranties extend to and would benefit purchasers of the Class Refrigerators, including but not limited to, warranting that the Drain Valves were free of defects such that they would properly perform as intended.

91.    Plaintiff and the Class purchased refrigerator-freezers containing the Drain Valves.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1      92.     Defendant breached its warranties concerning the Drain Valves.

2      93.     Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff

3  and the Class will continue to suffer such harm, damages and economic loss in the future.

4      94.     Defendant's misconduct was a substantial factor in causing and proximately caused

5  Plaintiff's and the Class' harm, damages and economic losses.

6      95.     Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the

7  rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and

8  oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to

9  constitute oppression, fraud, or malice under the law.

**SEVENTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF FITNESS**

(Against Defendant by Plaintiff and the Class)

13     96.     Plaintiff and the Class hereby re-allege and incorporate by reference all previous

14  paragraphs of this complaint as though fully set forth herein.

15     97.     Defendant made implied warranties concerning the Drain Valves, including but not

16  limited to the warranty of fitness.

17     98.     Defendant intended that their implied warranties were extended to and would

18  benefit purchasers of the Class Refrigerators, including but not limited to, warranting that the

19  Drain Valves were free of defects such that they would properly perform as intended.

20     99.     Plaintiff and the Class purchased Class Refrigerators equipped with Drain Valves.

21     100.    At the time the Class Refrigerators were purchased, Defendant knew or had reason

22  to know that Class Refrigerators containing Drain Valves would be used for a particular purpose

23  in Plaintiff's and the Class' homes and that purchasers and/or installers would justifiably rely on

24  Defendant's skill and judgment in selecting, providing and/or furnishing Drain Valves suitable for

25  that particular purpose.

26     101.    The Drain Valves were not suitable for their particular purpose.

27  / / /

28  / / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

913573.3

14

102.    The Drain Valves suffered from an inherent, latent defect at the time of sale and thereafter were not fit for their intended purpose. Said defects include, but are not limited to, the defective design and manufacture of the Drain Valves.

103.    The Drain Valves are defective in that they become clogged, have impeded flow, have a blocked grommet, and/or have an impeded useful life. The Drain Valves also damage and impede the useful life of other components in Plaintiff's and the Class' refrigerator-freezers and homes including, but not limited to, the evaporator coils, panels, and/or home interior near and around the leaking Class Refrigerators.

104.    The Drain Valves fail in performing their intended purposes as a result of their defects. Said defects require repairs such that the Class Refrigerators are taken out of service.

105.    Defendant breached their implied warranty of fitness concerning the Drain Valves used in the Class Refrigerators.

106.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

107.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

108.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class Members, so as to constitute oppression, fraud, or malice under the law.

**EIGHTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

(Against Defendant by Plaintiff and the Class)

109.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

110.    Defendant made implied warranties concerning the Drain Valves, including but not limited to the warranty of merchantability.

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

111.    Defendant intended that their implied warranties extend to and benefit purchasers of the Class Refrigerators equipped with the Drain Valves.

112.    Plaintiff and the Class purchased Class Refrigerators containing Drain Valves.

113.    At the time of said purchases, Defendant was in the business of selling the Class Refrigerators.

114.    Defendant breached their implied warranty of merchantability for the Drain Valves.

115.    The Drain Valves suffered from an inherent, latent defect at the time of sale and thereafter were not fit for their intended purpose. Said defects include, but are not limited to, the defective design and manufacture of the Drain Valves.

116.    The Drain Valves in the Class Refrigerators were not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such goods are used, were not adequately contained, packaged, and labeled, had inadequate instructions, and/or did not measure up to the promises or facts stated about the product.

117.    At the time the Class Refrigerators were purchased, Defendant knew or had reason to know that purchasers and/or installers of the Class Refrigerators would justifiably believe that they were of the same quality as those generally acceptable in the trade, were fit for the ordinary purposes for which such goods are used, were adequately contained, packaged, and labeled, had adequate instructions, and/or measured up to the promises or facts stated about the product.

118.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

119.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

120.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

/ / /

/ / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## NINTH CAUSE OF ACTION

## VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT,

## CALIFORNIA CIVIL CODE § 1790

(Against Defendant by Plaintiff and the Class)

121.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of the complaint as though fully set forth herein.

122.    Plaintiff is a buyer of a consumer good, namely, the Drain Valve, which is a component part of a Class Refrigerator purchased primarily for family or household purposes.

123.    Defendant was at all relevant times the manufacturer, distributor, and/or seller of the Class Refrigerators and Drain Valves.

124.    Plaintiff purchased his Class Refrigerator from a retail seller in California.

125.    Defendant's express and implied warranties accompanied the sale of the Class Refrigerator. The Class Refrigerator was delivered with serious defects, including, but not limited to, a defective Drain Valve, in breach of Defendant's express and implied warranties.

126.    Defendant's actions, as complained of herein, breached Defendant's express and implied warranties in violation of the Act including, but not limited to, California Civil Code sections 1791.1 and 1791.2.

127.    Defendant breached its express and implied warranties because the Drain Valves suffered from an inherent, latent defect at the time of sale and thereafter were not fit for their intended purpose. Said defects include, but are not limited to, the defective design and manufacture of the Drain Valves.

128.    Plaintiff and the Class suffered harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future. In addition, Plaintiff and the Class have been harmed and suffered actual damages given that the Drain Valves are substantially certain to fail before their expected useful life has run.

129.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' harm, damages and economic losses.

/ / /

913573.3

130.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

131.    Plaintiff is entitled to damages and other legal and equitable relief, including, but not limited to, all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under the Act.

132.    Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

133.    Plaintiff is entitled to, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Defendant has willfully failed to comply with its responsibilities under the Act.

## TENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

(Against Defendant by Plaintiff and the Class)

134.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

135.    Defendant engaged in unlawful, fraudulent, and unfair business practices.

136.    Defendant's misconduct constituted unlawful business acts or practices within the meaning of California Business & Professions Code §§ 17200, *et seq*. Defendant's unlawful business acts or practices include but are not limited to violations of California Civil Code §§ 1750 and 1790, as well as Defendant's various breaches of its duties under the tort law and their warranty obligations.

137.    Plaintiff and the Class suffered actual harm, damages and economic losses, and Plaintiff and the Class will continue to suffer such harm, damages and economic loss in the future.

138.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Class' actual harm, damages and economic losses.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

139.    Defendant's conduct was gross, reckless, and in bad faith or willful disregard of the rights and interest of Plaintiff and the Class. Defendant acted intentionally, maliciously, and oppressively, with a willful and conscious disregard of the rights of Plaintiff and the Class, so as to constitute oppression, fraud, or malice under the law.

## ELEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,

## CALIFORNIA CIVIL CODE § 1750

(Against Defendant by Plaintiff and the Class)

140.    Plaintiff and the Class hereby re-allege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

141.    California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

142.    The Class Refrigerators are "goods" as defined in Cal. Civ. Code § 176(a).

143.    Plaintiff and Class Members are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiff, Class Members, and Defendant are "persons" as defined in Cal. Civ. Code § 1761(c).

144.    Defendant's sale of the Class Refrigerators to Plaintiff and the Class are "transactions" within the meaning of Cal. Civ. Code § 1761(e).

145.    In purchasing the Class Refrigerators, Plaintiff and the other Class Members were deceived by Defendant's failure to disclose that the Class Refrigerators were equipped with defective Drain Valves that were prone to ice-blockage and caused water to leak from Class Refrigerators, and which created unreasonable risks of slipping, falling, and electric shock.

146.    Defendant's conduct, as described above, was and is in violation of the CLRA in at least the following respects:

> a.  Cal. Civ. Code § 1770(a)(5): Defendant represented that the Class Refrigerators, including their component Drain Valves, have characteristics,

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

uses, and benefits which they do not have;

    b.  Cal. Civ. Code § 1770(a)(7): Defendant represented that the Class Refrigerators, including their component Drain Valves, were of a particular standard, quality or grade, when they are of another; and

    c.  Cal. Civ. Code § 1770(a)(9): Defendant advertised the Class Refrigerators, including their component Drain Valves, with intent not to sell them as advertised.

147.    Plaintiff and Class Members have suffered injury-in-fact and actual damages resulting from Defendant's material omissions and misrepresentations because had they known that the Class Refrigerators were equipped with defective Drain Valves, they would not have purchased the Class Refrigerators or would have paid less for them. Additionally, Defendant purposefully withheld this information in a calculated attempt to "run out the clock" on its obligations under Defendant's one-year limited warranty. Defendant knew the Drain Valves were defective during "Year One," and did not inform consumers of the defect, leaving consumers to fend for themselves in diagnosing and remedying the problem.

148.    Defendant knew, should have known, or was reckless in not knowing of the defective design and/or manufacture of the Drain Valves, and that the Class Refrigerators were not suitable for their intended use because of the defective Drain Valves.

149.    The facts concealed and omitted by Defendant to Plaintiff and Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Class Refrigerators or pay a lower price.

150.    On July 22, 2019, counsel for Plaintiff and the proposed Class provided Defendant with written notice (via Certified Mail, Return Receipt Requested) that its conduct is in violation of the CLRA. Thus, pursuant to California Civil Code § 1782, Plaintiff intends to amend this complaint to bring a claim for actual damages after the passing of the statutory notice period.

151.    Plaintiff's and Class Members' injuries were proximately caused by Defendant's fraudulent and deceptive business practices.

/ / /

152.    Therefore, Plaintiff and Class Members are entitled to equitable and monetary relief under the CLRA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the Class respectfully request the following and pray for judgment as follows:

1.    An order certifying the proposed Class, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2.    For general damages according to proof;

3.    For special damages according to proof;

4.    For restitution in amounts according to proof;

5.    For injunctive relief;

6.    For any other available penalties for each illegal or fraudulent business act or practice;

7.    For costs and expenses of suit incurred herein, including investigative costs;

8.    For attorneys' fees;

9.    For punitive damages;

10.    For prejudgment and post-judgment interest; and

11.    For such other and further relief as is proper and just.

DATED:  July 22, 2019          **PEARSON, SIMON & WARSHAW, LLP**
DANIEL L. WARSHAW
MICHAEL H. PEARSON
BENJAMIN E. SHIFTAN


By:  _____
                */s/ Daniel L. Warshaw*
                    DANIEL L. WARSHAW

*Attorneys for Plaintiff MICHAEL O'NEILL*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial for all issues so

3

triable.

4

DATED:  July 22, 2019          **PEARSON, SIMON & WARSHAW, LLP**
                                DANIEL L. WARSHAW

5                               MICHAEL H. PEARSON
                                BENJAMIN E. SHIFTAN

6

7

8       By:    _____ */s/ Daniel L. Warshaw* _____
                        DANIEL L. WARSHAW

9
        *Attorneys for Plaintiff MICHAEL O'NEILL*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# EXHIBIT 1

# WHIRLPOOL CORPORATION MAJOR APPLIANCE WARRANTY

## LIMITED WARRANTY

For one year from the date of purchase, when this major appliance is operated and maintained according to instructions attached to or furnished with the product, Whirlpool Corporation or Whirlpool Canada LP (hereafter "Whirlpool") will pay for Factory Specified Parts and repair labor to correct defects in materials or workmanship that existed when this major appliance was purchased. Service must be provided by a Whirlpool designated service company. YOUR SOLE AND EXCLUSIVE REMEDY UNDER THIS LIMITED WARRANTY SHALL BE PRODUCT REPAIR AS PROVIDED HEREIN. This limited warranty is valid only in the United States or Canada and applies only when the major appliance is used in the country in which it was purchased. Proof of original purchase date is required to obtain service under this limited warranty.

## ITEMS EXCLUDED FROM WARRANTY

**This limited warranty does not cover:**

1. Replacement parts or repair labor if this major appliance is used for other than normal, single-family household use or when it is used in a manner that is inconsistent with published user or operator instructions and/or installation instructions.
2. Service calls to correct the installation of your major appliance, to instruct you on how to use your major appliance, to replace or repair house fuses, or to correct house wiring or plumbing.
3. Service calls to repair or replace appliance light bulbs, air filters or water filters. Consumable parts are excluded from warranty coverage.
4. Damage resulting from accident, alteration, misuse, abuse, fire, flood, acts of God, improper installation, installation not in accordance with electrical or plumbing codes, or use of products not approved by Whirlpool.
5. Cosmetic damage, including scratches, dents, chips or other damage to the finish of your major appliance, unless such damage results from defects in materials or workmanship and is reported to Whirlpool within 30 days from the date of purchase.
6. Any food or medicine loss due to refrigerator or freezer product failures.
7. Pickup and delivery. This major appliance is intended to be repaired in your home.
8. Repairs to parts or systems resulting from unauthorized modifications made to the appliance.
9. Expenses for travel and transportation for product service if your major appliance is located in a remote area where service by an authorized Whirlpool servicer is not available.
10. The removal and reinstallation of your major appliance if it is installed in an inaccessible location or is not installed in accordance with Whirlpool's published installation instructions.
11. Replacement parts or repair labor on major appliances with original model/serial numbers that have been removed, altered or cannot be easily determined.
12. Discoloration, rust, or oxidation of stainless steel surfaces.

## DISCLAIMER OF IMPLIED WARRANTIES

IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO ONE YEAR OR THE SHORTEST PERIOD ALLOWED BY LAW. Some states and provinces do not allow limitations on the duration of implied warranties of merchantability or fitness, so this limitation may not apply to you. This warranty gives you specific legal rights, and you also may have other rights that vary from state to state or province to province.

## LIMITATION OF REMEDIES; EXCLUSION OF INCIDENTAL AND CONSEQUENTIAL DAMAGES

YOUR SOLE AND EXCLUSIVE REMEDY UNDER THIS LIMITED WARRANTY SHALL BE PRODUCT REPAIR AS PROVIDED HEREIN. WHIRLPOOL SHALL NOT BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES. Some states and provinces do not allow the exclusion or limitation of incidental or consequential damages, so these limitations and exclusions may not apply to you. This warranty gives you specific legal rights, and you also may have other rights that vary from state to state or province to province.

If outside the 50 United States and Canada, contact your authorized Whirlpool dealer to determine if another warranty applies.        6/08

For additional product information, in the U.S.A., visit **www.whirlpool.com**
In Canada, visit **www.whirlpool.ca**

If you do not have access to the Internet and you need assistance using your product or you would like to schedule service, you may contact Whirlpool at the number below.

*Have your complete model number ready. You can find your model number and serial number on the label, located on the inside wall of the refrigerator compartment.*

For assistance or service in the U.S.A., call 1-800-253-1301. In Canada, call 1-800-807-6777.

If you need further assistance, you can write to Whirlpool with any questions or concerns at the address below:

In the U.S.A.:

Whirlpool Brand Home Appliances
Customer eXperience Center
553 Benson Road
Benton Harbor, MI 49022-2692

In Canada:

Whirlpool Brand Home Appliances
Customer eXperience Centre
200 – 6750 Century Ave.
Mississauga, Ontario  L5N 0B7

Please include a daytime phone number in your correspondence.

Please keep these User Instructions and the model number information for future reference.